ANTHONY *v.* LEERET *et al.*

(*Supreme Court, General Term, Fourth Department.* January, 1889.)

MASTER AND SERVANT—NEGLIGENCE—DANGEROUS PREMISES.

A trap-door in a passage-way in defendant's mill, along which plaintiff was passing in the course of his employment in the mill, was suddenly opened from below by a fellow-servant, and plaintiff fell through and was injured. The fellow-servant had been told by defendant's foreman not to open the door from below, but to rap for some one to open it from above. Plaintiff fully knew of the location, construction, and use of the door. The court of appeals, on a former appeal, determined that plaintiff could not recover for his injuries. *Held*, that plaintiff showed no right to recover on a second trial, by proof that persons employed in the mill two and three years before the accident were not instructed as to the manner of opening the door, the omission to give such instructions not having contributed to the injury.

Appeal from circuit court, Onondaga county.

Action by Jay Anthony against Joseph Leeret and Hannah Blaisdell. Verdict and judgment for plaintiff. Motion for new trial on the minutes denied. Defendants appeal. Heard on a case containing all the evidence.

Argued before FOLLETT, P. J., and MARTIN and KENNEDY, JJ.

*T. K. & L. E. Fuller*, for appellants.　　*Waters & McLennan*, for respondent.

MARTIN, J. On February 21, 1882, the plaintiff was seriously injured while in the employ of the defendants in their mill at Syracuse, N. Y. The injury sustained was caused by the plaintiff's falling through a trap-door in the floor of the second story of such mill. The trap-door was located in a passage-way, along which the plaintiff was required to pass in the performance of the duties of his employment. While passing, the trap-door was suddenly thrown open from below by Schmidt, a fellow-servant, and the plaintiff fell to the floor below. Schmidt had been told by the defendant's foreman not to open the door from below, but to rap upon it, and wait until some one came from above to open it. The accident was occasioned by Schmidt's disregard of the instruction given. The plaintiff knew fully of the location, construction, and use of this door. The ground of this action was negligence. The plaintiff alleged as the foundation of his right of recovery that the defendants were negligent in locating this trap-door in such passage-way, and by their omission to properly protect and guard it. The complaint contains no allegation that the defendants were negligent, either in employing incompetent fellow-servants, or in omitting to make and promulgate proper rules for the protection of their employés. Hence, the only issues made by the pleadings were as to the defendants' negligence in locating the trap-door in such passage-way, and in failing adequately to protect or guard it.

This case has been twice tried. Upon the first trial the plaintiff had judgment. The case was appealed to the court of appeals, and it was there held [1] that this action could not be maintained, as the injury was caused by the negligence of a co-employé; that the location of the trap-door was not *per se* a wrongful act; that the defendants had a right to arrange their own premises in any way that suited their own convenience, and were not bound to change the arrangement to secure greater safety to their employés; that the plaintiff had full knowledge of the situation, and of the arrangements for the protection of persons using the passage-way; and that by continuing in the employment he assumed the risk and hazard incident to the situation; that the dangers to which the plaintiff was exposed were known and obvious. This decision must be regarded as conclusive upon all the questions involved on that appeal; and therefore, unless the evidence given upon the last trial differs materially from that given upon the former trial, the judgment appealed from should be reversed.

The plaintiff's evidence was substantially the same on the first trial as on the last, except that on the last trial four additional witnesses were called, three of whom in substance testified that they had been in the defendants' employ, and that they had opened the trap-door from below on several occasions; that Hess, the defendants' foreman in the room below, was there, but they could not say that he saw them; and the plaintiff also proved by these witnesses as follows: By Brooker, that he worked for the defendants 14 months, and that during the latter part of his employment no order was given him by the defendants or their foreman as to the way they should put up lumber; by Wood, that no instructions were given him as to the manner of opening this trap-door, but he also testified that he never put up any lumber, and consequently had no occasion to open it; by Lischer, that he had no instructions about opening the door, but he had not been in defendants' employ within two or three years of the time of the accident to the plaintiff; by Henry, that in 1879, when he worked for the defendants, no instructions about opening the door were given him that he remembers. The appeal-book upon which this case was heard in the court of appeals shows that on the former trial Charles Blaisdell

[1] 12 N. E. Rep. 561.

was called as a witness by the plaintiff, and in giving evidence in relation to this trap-door and its use testified: "I have seen it opened several times. I have seen them poke up boards; that is, take a board, and poke it up against the bottom of the door, and give a jump upon it, and throw the door over back. I have seen that done repeatedly, without any warning being given to them up-stairs." Thus we see that the evidence as to the manner in which the door was opened was substantially the same on both trials. It is true more witnesses were called to prove the same fact on the last trial than on the first, but that in no way changes the question here. Hence the only essential change, if any, must relate to the proof of an omission by the defendants to properly instruct the several witnesses as to the manner of opening this trap-door. When we examine the evidence of these witnesses upon that question the proof of any omission upon the part of the defendants is slight, at most; but, without further pointing out the weakness of that evidence, we will examine the question whether it in any way changes the question of the defendants' liability in this action. The plaintiff contends that it does. This contention is based largely on the statement made in the opinion of the court of appeals in this case that, "if the defendants had omitted to give proper instructions to those employed in the planing-room, a different question would be presented." He now claims that having proved that these several persons, who were employed by the defendants, were not so instructed, he was entitled to recover, and that the judgment appealed from should be upheld. We do not think that this contention can be sustained. Nor do we think that the court of appeals intended by the sentence quoted to even intimate that the plaintiff could recover in this action for the injuries he received upon showing an omission by the defendants to give proper instructions to their employés, unless such omission in some way contributed to produce the injury complained of. It cannot be pretended that the omission of the defendants in 1879 or 1880 to instruct the employés called as witnesses as to the proper manner of opening this door, or their failure to instruct one whose business did not require him to use it, in any way contributed to produce the plaintiff's injury. Therefore, if it were conceded that the defendants were negligent in omitting such instructions, still, as no injury to the plaintiff resulted therefrom, he could not recover. The undisputed evidence upon both trials was that Schmidt, the man who opened this trap-door on the occasion of the plaintiff's injury, and the foreman of the department where Schmidt was employed, had each been properly instructed as to the manner of opening and guarding such door. We think there is no material difference between the evidence given on the last trial and that given on the first, and that the trial court erred in denying the defendants' motion for a nonsuit. Nor do we think this judgment can be upheld, either on the ground that Schmidt was incompetent, or that no general rules were made and promulgated for the protection of the defendants' employés. There is not only no such issue raised by the pleadings, but there is not sufficient evidence to show that the plaintiff's injury resulted from any negligence on the part of the defendants in respect to either. These considerations lead to a reversal of the order and judgment appealed from. Judgment and order reversed on the exceptions, and a new trial granted, with costs to abide the event. All concur.